U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2023 MAR 16  PM 2: 16

CLERK

BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA )
                          )
            v.            )
                          )   No.  2 : 23 - c r - 27 - 1
DAVID CONRAD,             )
      Defendant.          )

## INDICTMENT

The Grand Jury charges:

1.    At all relevant times, DAVID CONRAD was a resident of the State of Vermont,
living at 15 Broadview Estates in Bristol.

2.    At all relevant times, New England Federal Credit Union (NEFCU) was a credit
union operating in the District of Vermont, and insured by the National Credit Union
Administration.  DAVID CONRAD was a customer of NEFCU, and maintained multiple
NEFCU accounts he shared with his wife.

3.    At all relevant times, Wix.com (hereafter "Wix") was a web hosting company that
allowed its customers to use their platform to build and host a website.  Wix offered customers
using their website hosting for a business an "all-in-one business solution" which allowed the
sale of products and payments from customers to occur through the Wix-hosted website.
Businesses could also link other payment providers (such as Block, Inc. and Stripe, Inc.) to their
Wix-hosted website.  Wix also assisted users with domain-name registration for their website.
To host websites, Wix used computer servers located throughout the world, none of which were
located in the District of Vermont.

4.    At all relevant times, Meta was a social media company that operated the websites
Facebook and Instagram.  Meta's Facebook social media website allowed businesses to create a

1

Facebook profile for their business. A business's Facebook profile page allowed a business to publish content on their page regarding their business, facilitate contact with customers, list items for sale in the Facebook Marketplace, and promote products through promotion offers and discounts. Meta had data centers throughout the world, none of which were located in the District of Vermont.

5.    At all relevant times, Venmo was a mobile payment service. Account holders can easily transfer funds to other account holders via a mobile phone application. Venmo accounts were linked to a user's bank account, allowing the addition of funds to a user's Venmo account, or the withdrawal of funds from their Venmo account. Venmo was owned by PayPal, and its base of operations was outside the District of Vermont.

6.    At all relevant times, Block, Inc. (formerly Square, Inc.) was a financial services platform aimed at small and medium sized businesses, allowing them to accept credit card payments and use tablet computers as payment registers as a point-of-sale system. Block's base of operations was outside the District of Vermont.

7.    At all relevant times, Stripe, Inc. was a financial services platform that offers payment-processing software and application programming interfaces for e-commerce websites. Stripe's base of operations was outside the District of Vermont.

Conrad's Woodworking Businesses

8.    Beginning in approximately 2021, DAVID CONRAD began operating a woodworking business out of his residence in Bristol, Vermont. CONRAD continued operating the woodworking business through February 28, 2023. During this period of time, CONRAD was the sole employee of the business, operating out of the two-car garage attached to his residence. CONRAD used the business names "Old Camp Woodworking" and "Vermont

2

Custom Designs" both on Facebook as well as on stand-alone websites created with the services of Wix. While operating his woodworking business, CONRAD used Venmo and Square to accept payments from customers, accepted cash from some customers, and also processed payments through Wix websites.

9.     In or about March 2022, DAVID CONRAD created a website for Old Camp Woodworking using Wix. The website operated under the domain name "www.oldcampwoodworking.com" and allowed customers to place orders for custom wood items, such as dining tables, dressers, bedroom sets, desks, coffee tables, and other items. The "About Us" section of this website was largely plagiarized from another woodworking website, including verbatim copies of statements about the quality of the furniture, the materials used, and the manner of construction. Some of the photographs of products available for purchase from www.oldcampwoodworking.com were not original photographs of custom pieces, but rather copies of photographs from elsewhere on the internet. The website listed dozens of items available for purchase, and the website offered payment processing via Wix. Prior to completing payment, the "Return Policy" was displayed to a customer. The policy stated that any order canceled within 24 hours would incur a 25% processing fee; orders canceled within 30 days would incur a 75% processing fee; and orders could not be cancelled after 30 days.

10.     On or about June 13, 2022, DAVID CONRAD registered the business Old Camp Woodworking LLC with the Vermont Secretary of State Office. CONRAD listed himself as the registered agent, but provided a false address for the offices of Old Camp Woodworking LLC. The false address CONRAD provided was the address of an established custom furniture and antique restoration business located elsewhere in Bristol, with which CONRAD has never had a business relationship.

3

11.     On December 29, 2022, an employee from Wix.com's Payments Account Management Team contacted DAVID CONRAD due to the high percentage of "chargebacks," or authorized transactions that were reversed by an Old Camp Woodworking customer's credit card company.  Wix informed CONRAD that the Wix Payments payouts from the Old Camp Woodworking website would be frozen until additional information was provided by CONRAD regarding the chargebacks.  On January 9, 2023, the same employee from Wix.com's Payments Account Management Team contacted CONRAD, reiterating the request, and informing CONRAD that his balance with Wix Payments was negative by $5,680.73.  CONRAD did not respond to these inquiries.

12.     In or about January 2023, DAVID CONRAD created a website for Vermont Custom Designs using Wix.com.  The website operated under the domain name "www.vermontcustomdesigns.com" and allowed customers to place orders for custom wood items, such as dining tables, dressers, bedroom sets, desks, coffee tables, and other items.  Some of the photographs of products available for purchase from www.vermontcustomdesigns.com were not original photographs of custom pieces, but rather copies of photographs from elsewhere on the internet.  The website listed dozens of items available for purchase, and the website offered payment processing by Wix.  The "Policies" portion of the website included cancellation and refund terms.  The policy stated that any order canceled within 24 hours would incur a 25% processing fee; orders canceled within 30 days would incur a 75% processing fee; and orders could not be cancelled after 30 days.

13.     Between January 2022 and February 2023, DAVID CONRAD obtained approximately $165,500 through Wix, Venmo, Block, Stripe, and cash transactions relating to over 100 different items ordered by consumers.

## The Scheme

14.     From in or about at least January 2022 through on or about February 28, 2023, DAVID CONRAD willfully participated in a scheme and artifice to defraud various consumers in Vermont, New York, and New Hampshire, and to obtain money from the consumers by materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

15.     It was part of the scheme that DAVID CONRAD would accept payment from consumers for custom-made wood items through Venmo, Block, Wix, and in cash, promising to deliver the custom-made wood item within 12 to 16 weeks. CONRAD accepted payment for the ordered items despite knowing he could not complete the ordered project in the quoted timeframe.

16.     It was part of the scheme that DAVID CONRAD would provide false statements to consumers regarding the status of their orders. CONRAD would falsely claim to have purchased materials and/or begun construction of an ordered item, when in fact CONRAD had not done so. CONRAD would also provide consumers with false revised completion dates, knowing the ordered items would not be completed by the revised date.

17.     It was part of the scheme that DAVID CONRAD would provide false statements to consumers as to why the purchased custom-made wood item was not completed within the stated timeframe. Specifically, CONRAD falsely stated to consumers that he had "mixed up" or otherwise confused orders, that his grandmother had died, that he and members of his family had contracted COVID-19, that he had suffered a heart attack, and that he had cut off a portion of his finger. CONRAD provided these false statements in an attempt to placate the dissatisfied customer, and perpetuate the fraudulent scheme.

18.     It was part of the scheme that DAVID CONRAD would complete some custom-made wood items for delivery to customers in an attempt to demonstrate he operated a legitimate wood-working business. The custom-made products delivered by CONRAD were frequently of subpar quality, resulting in consumers requesting repairs and replacements which CONRAD did not provide.

19.     It was part of the scheme that DAVID CONRAD would use his strict refund policy as a reason to retain funds from customers, despite not having begun work on their orders. CONRAD refunded funds only to the consumers who were the most active in lodging complaints, who posted negative online reviews of his products, or who sued in small claims court.

20.     It was part of the scheme that DAVID CONRAD would use funds obtained from consumers to pay for his and his family's personal expenses, while knowing that he would be unable to complete the custom-made wood item ordered by the consumer from whom the funds were obtained.

21.     On or about each of the dates set forth below, in the District of Vermont and elsewhere, defendant DAVID CONRAD, for the purpose of executing the scheme described above, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce the following, for the purpose of executing the scheme described above:

| Count | Date | Item Ordered | Type of Wire | Method of Wire | Amount Paid |
|-------|------|--------------|--------------|----------------|-------------|
| 1 | February 20, 2022 | Barndoors | Financial | Venmo | $599.00 |
| 2 | March 16, 2022 | Dining Table | Financial | Venmo | $999.00 |
| 3 | August 31, 2022 | Dining Table | Financial | Wix | $1,217.94 |

| 4 | November 15, 2022 | Bed Frame | Financial | Wix | $873.71 |
| 5 | January 6, 2023 | Dining Table | Cellphone | Text Message | $650 |

(18 U.S.C. § 1343)

Forfeiture Notice

1.      The allegations of this Indictment are hereby realleged and incorporated by

reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c).

2.      Upon conviction of the offenses charged in Counts 1 through 5, the defendant

DAVID CONRAD shall forfeit to the United States any property, real or personal, which

constitutes or is derived from proceeds traceable to the gross receipts obtained, directly or

indirectly, as a result of such violations.  The property to be forfeited includes, but is not limited

to, a money judgment in the amount of $165,500 as a result of the violations.

3.      If any of the property described above, as a result of any act or omission of the

defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been comingled with other property which cannot be divided without
         difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.

§ 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

A TRUE BILL

REDACTED

FOREPERSON

Nikolas P. Kerest (PJV/JAO)
United States Attorney
Burlington, Vermont
March 16, 2023